Eastern District of Kentucky
F I L E D
MAR 07 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 17-336-HRW

CHRISTINE JOHNSON,                                      PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on September 23, 2014, alleging disability beginning on September 16, 2014, due to chronic neck and back pain, left foot bone spur, pain in arms and intermittent issues with depression (Tr. 57-60, 195).

This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Dennis Hansen (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Jo Ann Bullard, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 25-33). Plaintiff was 47 years old at the time she claims she became disabled. She has a GED and her past relevant work experience consists of work as a post office clerk and postmaster.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, depression, anxiety and heel spur, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. In doing so, the ALJ specifically considered Listings 12.04 and 12.06.

The ALJ further found that Plaintiff could not return to her past relevant work but

2

determined that she has the residual functional capacity ("RFC") to perform light work with the following restrictions:

> [She] can frequently push and pull with the upper and lower extremities. She can occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, and crawl; can occasionally reach overhead; and can occasionally be exposed to vibration. The claimant can never climb ladders, ropes, or scaffolds; and never be exposed to unprotected heights or dangerous moving machinery. She can understand and remember workplace instructions and sustain attention and concentration to complete workplace tasks with regular breaks every 2 hours. The claimant can frequently interact with supervisors, coworkers, and the public, and can adapt to frequent workplace changes.

(Tr. 290).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ's decision is not supported by substantial evidence; (2) the ALJ did not properly evaluate her subjective complaints of pain; and (3) the ALJ failed to properly develop the evidence in light of the fact that Crouch was not represented by counsel at the hearing.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ's decision is not supported by substantial evidence. Despite this broad charge, Plaintiff appears to argue that the ALJ did not consider all of her impairments. Yet, notwithstanding her argument, Plaintiff does not clearly identify additional impairments which were allegedly given short shrift by the ALJ or explain how the ALJ inadequately assessed the record before him. Her only references to the record pertaining to

4

this argument are a recitation the results of the various MRIs in the record. Yet, in his decision, the ALJ refers to these MRIs with the exception of a 2017 MRI which was performed after the ALJ's decision.

Although Plaintiff does not discuss this, the record reflects that the Appeals Council was given this evidence and it chose not to consider it as it was not relevant to the time period at issue. Plaintiff makes not effort to seek a remand upon the basis of "new" evidence. There is nothing resembling argument in her submission to the Court. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997). Further, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'" *Id.*

Plaintiff's second claim of error is that the ALJ did not adequately evaluate her symptom testimony.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's statements with regard to her allegations of disabling pain lacked credibility. Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The ALJ noted that the MRIs in the record revealed only moderate degenerative changes and that the corresponding treatment had been conservative.

As for her mental impairments, the ALJ noted that the evidence in the record revealed only a slight impairment in mental functioning and that Plaintiff herself testified that her bouts of depression were "off and on." She further testified that she continued to shop, clean and care for her basic needs. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

The ALJ concluded that the objective evidence, as well as Plaintiff's testimony, provided substantial evidence upon which to discount her credibility.

It is well established that an ALJ's credibility assessment will not be disturbed "absent compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001); *Walters,* 127 F.3d at 531 (recognizing ALJ's credibility assessment is entitled to "great weight and deference"). In making a credibility determination, Social Security Ruling 96–7p provides that the ALJ must consider the record as a whole, including objective medical evidence; the claimant's statements about symptoms; any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant; and any other relevant evidence. *See* SSR 96–7p, 1996 WL 374186, at *2 (July 2, 1996). Here, the ALJ properly recognized the factors that the regulations require to be considered in evaluating a claimant's credibility with regard to their pain. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). He set forth in detail reasons for discounting Plaintiff's credibility. The Court finds no error in this regard.

Finally, Plaintiff maintains that because she was unrepresented at the time of her administrative hearing, the ALJ did not fulfill his "special duty" to develop the record. Yet

again, however, Plaintiff's criticism amounts to little more than a bald, unsupported assertion of error. Plaintiff's self-characterization as a "low-functioning individual who was unrepresented and did not have access to the resources to obtain appropriate follow up which would have addressed the severity of her physical and mental impairments is belied by the record. Plaintiff had a high school education and, prior to her alleged onset date, long-term steady employment working in a post office (Tr. 196). There is no indication that Plaintiff was unable to afford medical care or that the record did not include the relevant treatment records. Indeed, the ALJ asked Plaintiff several questions regarding the completeness of the medical record and left the record open so that additional records could be requested; the exhibit list was updated post-hearing.

Moreover, Plaintiff received consultative physical and mental examinations, the latter occurring even though Plaintiff did not initially allege disability on the basis of a mental impairment (Tr. 195).

The ALJ "has discretion to determine whether additional evidence is necessary." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010). Here, the record shows that the ALJ took additional steps to ensure that he had sufficient evidence to make a disability determination. *See* 20 C.F.R. § 404.1520b.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

7

**SUSTAINED.** A judgment in favor of the Defendant will be entered contemporaneously herewith.

March 7, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge